MURDOCK, Justice
(dissenting).
Reading the pervasive and sensational nature of the pretrial publicity in this case, as summarized by the Court of Criminal Appeals in Luong v. State, 199 So.3d 98, 102 (Ala.Crim.App.2013), and requoted near the end of Part I of Justice Parker’s dissenting opinion, 199 So.3d at 166-67, as *173 well as the polling data'referenced by Justice Parker in support of that summary, 199 So.3d at 167, it is hard to imagine a case involving more extensive and more prejudicial publicity or a case that would more readily warrant a conclusion of presumed prejudice. By the same token, it is hard to imagine a case with á greater need for individualized voir dire to enable a defendant to show actual prejudice. I recognize that we have witnessed significant changes in news and communication technologies in recent years; however, the fundamental and well established constitutional principles at stake have not changed. With all due respect, I fear that if these principles are not to be allowed operative effect in a case such as this one, then they are left with little or no meaningful field of operation.